FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 08 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAQUILLA HATCH and TRISTAN TRAYLOR, Each Individually and on Behalf of All Others Similarly Situated**                                    PLAINTIFFS

vs.                                                        No. 4:21-cv-274-LPR

**OPTUM GOVERNMENT SOLUTIONS, INC.**                                    DEFENDANT

This case assigned to District Judge Rudofsky
and to Magistrate Judge Deere

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Taquilla Hatch and Tristan Traylor ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Optum Government Solutions, Inc. ("Defendant"), they state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant employed Plaintiffs who worked within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Taquilla Hatch ("Hatch") is an individual and resident of Pulaski County.

7. Plaintiff Travis Traylor ("Traylor") is an individual and resident of Pulaski County.

8. Defendant is a foreign, for-profit corporation.

9. Defendant's registered agent for service is C T Corporation System, 124 West Capitol Avenue, Little Rock, Arkansas 72201.

10. Defendant, in the ordinary course of business, maintains a website at https://www.optum.com/business/solutions/government/state.html.

## IV. FACTUAL ALLEGATIONS

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

13.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers.

14.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15.     Defendant provides healthcare services and other services to clients.

16.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17.     Defendant employed Hatch as an hourly-paid employee from September of 2018 to March of 2021.

18.     Defendant employed Traylor as an hourly-paid employee from April of 2018 to March of 2021.

19.     Plaintiff Hatch was employed as a Behavior Health Assessor / Community Health Worker ("Medicaid Assessor").

20.     Plaintiff Traylor was employed as a Behavior Health Assessor / Community Health Worker ("Medicaid Assessor").

21.     Defendant also employed other hourly-paid employees as Medicaid Assessors within the three years preceding the filing of this lawsuit.

22. At all times material herein, Plaintiffs have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

23. At all relevant times herein, Defendant directly hired hourly-paid Medicaid Assessors to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Other Medicaid Assessors had similar duties as Plaintiffs, which consisted of contacting, visiting, and assessing clients with mental health issues.

25. Plaintiffs and other Medicaid Assessors recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

26. Traylor worked scheduled shifts that began at 7:00 or 7:30 a.m. and was required to clock out by 4:30. He was required to continue working after clocking out, performing duties such as confirmation calls for the next day. He also received telephone calls from clients, outside of his clocked-in work time, which he was required to answer and to log while off-the-clock.

27. Taquilla Hatch also worked scheduled shifts. She was also required to continue working after clocking out, performing duties such as confirmation calls for the next day. She also received telephone calls from clients, outside of her clocked-in work time, which she was required to answer and to log while off-the-clock.

28. If Hatch had a scheduled day off, she was nevertheless required to spend up to 2 to 3 hours that evening scheduling and confirming the next day's client appointments.

29. Hatch was not paid for the time she spent working on her days off.

30. Plaintiffs sometimes worked as many as forty-three to forty-six hours per week.

31. Regardless of how many hours Plaintiffs worked in a week, Defendant instructed Plaintiffs to record only forty hours worked each week.

32. Upon information and belief, other Medicaid Assessors also regularly or occasionally worked over forty hours in a week.

33. Upon information and belief, other Medicaid Assessors were also instructed to record only forty hours worked per week.

34. Because Plaintiffs and other Medicaid Assessors worked hours which went uncompensated, Defendant failed to pay Plaintiffs and other hourly-paid employees a lawful minimum wage, and a lawful overtime premium for all hours worked over forty each week.

35. Defendant knew or should have known that Plaintiffs and other Medicaid Assessors were working hours off the clock for which they were not compensated.

36. Plaintiffs were required to drive their personal vehicles in the course of their employment in order to visit clients in person.

37. Plaintiffs were required to submit their mileage for reimbursement by Defendant.

38.  Defendant instructed Plaintiffs to deduct 50 miles from their actual mileage each day. Plaintiffs were not reimbursed for the 50 miles daily that they were instructed to omit.

39.  Upon information and belief, other Medicaid Assessors were also instructed to subtract 50 miles daily from their reported mileage.

40.  Upon information and belief, other Medicaid Assessors were not reimbursed for the 50 miles daily that they were instructed to omit.

41.  29 C.F.R. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

42.  Because Defendant failed to reimburse Plaintiffs and other Medicaid Assessors for mileage, they consistently "kicked back" to Defendant the cost of their mileage, which caused additional minimum wage and overtime violations.

43.  At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated Medicaid Assessors of proper minimum wage, and proper overtime compensation for all of the hours worked over forty per week.

44.  Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

45.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46.  Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated as hourly-paid Medicaid Assessors, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

47.    Plaintiff proposes the following class under the FLSA:

> **All hourly-paid Behavior Health Assessor/Community Health Workers, or employees with the same or similar duties, who received payment within the past three years for work performed in any week in which they worked at least 40 hours.**

48.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

49.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.    The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They had substantially similar job duties and responsibilities;

    C.    They were subject to Defendant's common policy of requiring employees to underreport the number of hours worked each week; and

D. They were subject to Defendant's common policy of requiring employees to underreport mileage.

51. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 130 persons.

52. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

53. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

55. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

Taquilla Hatch, et al. v. Optum Government Solutions, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv--____
Original Complaint—Collective Action

60.  Defendant failed to pay Plaintiffs for all hours worked, including 1.5x their regular rate for all hours worked in excess of forty hours per week.

61.  Defendant knew or should have known that its actions violated the FLSA.

62.  Defendant's conduct and practices, as described above, were willful.

63.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64.  Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.  Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

66.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

67.  Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

71. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

72. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

78. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

79. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

80. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

83. Defendant failed to pay Plaintiffs for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty per week.

84. Defendant knew or should have known that its practices violated the AMWA.

85. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Taquilla Hatch and Plaintiff Tristan Traylor, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.   Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.   An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TAQUILLA HATCH and TRISTAN TRAYLOR, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
blake@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAQUILLA HATCH and TRISTAN**     **PLAINTIFFS**
**TRAYLOR, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.     No. 4:21-cv-*274-LPR*

**OPTUM GOVERNMENT SOLUTIONS, INC.**     **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly Behavior Health Assessor / Community Health Worker for Optum Government Solutions, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TAQUILLA HATCH**
April 8, 2021

Josh Sanford, Esq.
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAQUILLA HATCH and TRISTAN**     **PLAINTIFFS**
**TRAYLOR, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.     No. 4:21-cv-274-LPR

**OPTUM GOVERNMENT SOLUTIONS, INC.**     **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Optum Government Solutions, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TRISTAN TRAYLOR**
April 8, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone:** (501) 221-0088
**Facsimile:** (888) 787-2040
josh@sanfordlawfirm.com